**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Synchrony Bank,<br><br>　　　　　Defendant. | No. CV-23-02367-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion for judgment on the pleadings filed by Plaintiff Oliver Complot ("Plaintiff"), who is proceeding *pro se*. (Doc. 14.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

On October 4, 2023, Plaintiff filed a complaint in Maricopa County Superior Court. (Doc. 1-5 at 2-18.) The complaint is not a model of clarity—it is styled as an "Equity Claim" and contains a hodgepodge of factual allegations, legal conclusions, and at times contextless statements of law and case citations. (*Id.*) The sole named defendant is Synchrony Bank ("Defendant"). (*Id.* at 3.)

On November 8, 2023, Plaintiff filed a motion for leave to supplement pleadings (Doc. 1-10 at 2-4) and a proposed "Supplemental Claim" (Doc. 1-10 at 5-11).

On November 9, 2023, Defendant removed the action to this Court. (Doc. 1.) The removal notice states that subject-matter jurisdiction exists because "Plaintiff alleges violations of the Fair Credit Reporting Act and the Truth in Lending Act." (*Id.* ¶ 5.)

On November 17, 2023, Defendant filed an amended answer to the complaint. (Doc. 10.)

On November 27, 2023, Plaintiff filed the pending motion for judgment on the pleadings. (Doc. 14.)

On November 30, 2023, Defendant filed a response. (Doc. 21.)

On December 6, 2023, Plaintiff filed a reply. (Doc. 23.) Neither side requested oral argument.

**ANALYSIS**

I. Standard Of Review

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). *See also Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."). Thus, a Rule 12(c) motion "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

II. Analysis

Although Defendant argues that Plaintiff's motion for judgment on the pleadings must be denied for an array of different reasons, the Court will focus on the narrowest of those reasons because it is dispositive. As Defendant correctly notes, "[e]ven if Plaintiff's allegations stated a claim on their own, . . . the allegations of fact and defenses in [Defendant's] Amended Answer and Defenses at the very least create an issue of fact that

precludes judgment on the pleadings in favor of Plaintiff." (Doc. 21 at 5.) Indeed, the answer does not admit any of the allegations in the complaint—each allegation is either affirmatively denied or denied on the ground that Defendant currently lacks sufficient information or knowledge to respond. (Doc. 10 at 1-6 ¶¶ 1-13.) Additionally, the answer raises an array of affirmative defenses. (*Id.* at 7-10.) It follows that Plaintiff is not entitled to judgment on the pleadings. *Hal Roach Studios*, 896 P.3d at 1550 ("For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."); *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) ("[I]f the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings."); *Aldridge v. U.S. Bank Nat. Ass'n*, 2018 WL 11354528, *2 (C.D. Cal. 2017) ("Here, Defendants' Answer raised thirty-three affirmative defenses and denied all of the allegations in Plaintiff's Complaint. The Answer raises issues that, if proved, would defeat Plaintiff's recovery. Accordingly, Plaintiff has not shown that she is entitled to judgment as a matter of law.") (citations omitted).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for judgment on the pleadings (Doc. 14) is **denied**.

Dated this 12th day of December, 2023.

_____
Dominic W. Lanza
United States District Judge